No. 81-98

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

_____

ARTHUR BUNDTROCK,

Claimant and Appellant,

-vs-

DUFF CHEVROLET, Employer, and
TRAVELERS INSURANCE CO.,

Defendant and Respondent.

_____

Appeal from:    Workers' Compensation Court, The Honorable
William E. Hunt, Judge presiding.

Counsel of Record:

For Appellant:

R. V. Bottomly, Great Falls, Montana

For Respondent:

Charles R. Johnson, Great Falls, Montana

_____

Submitted on Briefs: August 11, 1981

Decided: July 8, 1982

Filed: JUL 8 - 1982

*Thomas J. Kearney*

_____
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Claimant Arthur Bundtrock appeals from the judgment of the Workers' Compensation Court denying his petition to be declared permanently totally disabled and awarded a lump sum payment of benefits.

Claimant raises two issues on appeal. First, he contends that the trial court erred in refusing to find him permanently totally disabled. In support of this contention, the claimant maintains that the evidence before the trial court clearly revealed that he would be permanently disabled within the meaning of the Workers' Compensation Act. Second, claimant contends that the trial court abused its discretion in denying his petition for a lump sum payment to allow him to finance a small business venture. We affirm the trial court on both issues.

The claimant was injured on November 12, 1975 while employed as a mechanic for Duff Chevrolet in Columbia Falls, Montana. He injured his back while lifting an engine part from the floor. The accident was reported to the employer and a claim for compensation was filed. The employer's insurer accepted the claim and paid total disability benefits from the date of the injury through October 26, 1979, and medical benefits through November 1, 1979. Claimant also receives monthly disability payments and auxiliary benefits for his two children from the Social Security Administration.

Extensive medical treatment, including at least four operations, has not relieved claimant's back problems. Although

his injury has made it impossible for him to return to work as a mechanic, he has attempted to work as a teacher of automobile mechanics at Flathead Community College and the Montana Auto College. The claimant has obtained a 4-C teaching degree which qualifies him to teach auto mechanics in state vocational educational programs. The claimant's debilitating pain forced him to stop teaching when he was unable to satisfactorily teach the lab portion of the classes because of the bending and lifting that was required.

On June 11, 1979, claimant filed a petition in Workers' Compensation Court for a lump sum payment and declaration that he was permanently totally disabled. The petition requested the lump sum payment in order to "[e]liminate past due indebtedness on installment payments for his home and other debts." The petition stated no other grounds for the lump sum request. Lump sum payments are governed by section 39-71-741, MCA.

At trial, the claimant testified that, at their present level of income, he and his wife were able to meet all payments and living expenses. In support of his petition for a lump sum payment, claimant presented a rough projection of his proposed business venture. The insurer was not informed of the proposed business venture until one day before trial. This venture would involve the consignment sale of used motor vehicles. According to his own projections, the claimant would need to gross $20,000 per month in sales in order to break even. He also admitted that, if the proposed venture failed, most of the investment would be lost.

The trial court found that it was in claimant's best interests to continue to receive compensation benefits on a periodic basis, and therefore denied his petition for a

lump sum settlement. The trial court further found, based upon uncontroverted medical evidence, that enrollment in the Portland Pain Clinic may enable the claimant to reenter the labor market in some type of sedentary employment. The trial court ordered the insurer to continue to pay temporary total disability payments.

Temporary Total Disability

The Workers' Compensation Court found claimant to be temporarily totally disabled rather than permanently totally disabled. Claimant argues that because all of the various and extensive medical treatments administered over the past six years have failed to relieve his debilitating pain, the trial court erred in refusing to find him permanently and totally disabled. Claimant further argues that the refusal of the trial court to find him permanently and totally disabled was error because it adversely affected the amount of any lump sum settlement. The trial court's finding is, however, supported by substantial evidence.

In order to qualify as permanently totally disabled, the preponderance of medical evidence must show that the claimant has no reasonable prospect of reentering the normal labor market. Section 39-71-116(13), MCA. This involves a consideration of the medical evidence as well as the claimant's own particular employment status. The only medical testimony presented was that of Dr. Richard Nelson, the claimant's physician. Dr. Nelson testified that, after undergoing treatment at the Portland Pain Clinic, the claimant could probably reenter the labor market in a sedentary job. The claimant was qualified to teach vocational skills, and is physically capable of teaching auto mechanics in a classroom

-4-

setting. The claimant produced no evidence to prove that he is permanently unable to return to the "normal labor market."

Temporary total disability is defined in section 39-71-116(19), MCA, as total loss of wages "[u]ntil the injured worker is as far restored as the permanent character of the injuries will permit." The testimony of Dr. Nelson established that further treatment may allow claimant to return to the normal labor market in a sedentary capacity. The claimant is qualified for some types of sedentary work. The medical evidence, though minimal, was sufficient to support a finding of temporary total disability.

Nor are we persuaded by claimant's argument that the trial court's refusal to find him permanently disabled adversely affected the amount of any lump sum settlement. Whether a claimant is entitled to a lump sum payment of benefits, and whether he is temporarily or permanently disabled are two separate issues. The trial court's finding that claimant is temporarily totally disabled is supported by substantial evidence.

Denial of Lump Sum Settlement

Claimant asked for a lump sum award based on an expectation that he would be determined to be permanently totally disabled. Instead, the trial court found him to be temporarily totally disabled. Assuming, however, that claimant was found to be permanently totally disabled, the trial court was clearly justified in denying his petition for a lump sum payment. Claimant failed to justify a clear need or a workable plan which might have moved the trial court's discretion.

Lump sum settlements are the exception, not the rule, and will be granted in exceptional circumstances where such

-5-

payments serve the best interests of the claimant.
Willoughby v. Arthur G. McKee & Co. (1980), ___ Mont. ___,
609 P.2d 700, 37 St.Rep. 620; Kent v. Sievert (1971), 158
Mont. 79, 489 P.2d 104. The trial court considered the
evidence and found that the best interests of the claimant
would best be served by periodic payments. Only a clear
abuse of discretion is cause for this Court to reverse such
a finding. The claimant testified that he was not behind on
bills, and that he and his wife could meet their monthly
bills on their current income. He failed to establish any
pressing need for a lump sum settlement.

The claimant further argues that the trial court erred
in denying his petition for a lump sum payment so that he
could start his own business venture. The business venture
proposed by claimant was the consignment sale of used motor
vehicles which would require purchasing a lot and building a
structure from which to conduct business. Claimant also
proposed that the business would be nominally owned by his
wife (who would work as a salesperson) so that his social
security benefits would not be threatened. The claimant
estimated that to break even, he needed to gross approximately
$20,000 per month in sales. He admitted that, if the
proposed business folded, most of his investment would be
lost. Because of his back problems, claimant would be
unable to perform any of the mechanical work required.
Claimant therefore proposed hiring other mechanics for this
purpose. The only evidence presented regarding the feasibility
of the proposed business venture was the testimony and
projection of the claimant.

The claimant bears the burden of justifying departure
from periodic payments and any plan presented by the claimant

must be shown to have some reasonable basis for success. Legowik v. Montgomery Ward (1971), 157 Mont. 436, 486 P.2d 867. Each claim for a lump sum settlement must be considered on its own merits. The trial court was in a better position than we are to familiarize itself with the circumstances of the case and to consider the needs of the claimant. Krause v. Sears (1982), ___ Mont. ___, 641 P.2d 458, 39 St.Rep. 394.

The Workers' Compensation Court determination that a lump sum payment would not be in claimant's best interests is supported by substantial evidence.

The decision of the Workers' Compensation Court is affirmed.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices