No. 82-350

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

WILLIAM T. POLICH,

                    Claimant and Respondent,

    and

WHALEN'S O.K. TIRE WAREHOUSE,

                    Employer and Appellant,

    and

GLACIER GENERAL ASSURANCE CO.,

                    Defendant and Appellant.

---

Appeal from:    Workers' Compensation Court
                Honorable Timothy Reardon, Judge presiding.

Counsel of Record:

    For Appellants:

                Garlington, Lohn & Robinson, Larry E. Riley,
                Missoula, Montana

    For Respondent:

                Thomas Dowling, Helena, Montana

---

                    Submitted on briefs:  January 27, 1983

                    Decided:  March 31, 1983

Filed:    MAR 31 1983

*Ethel M. Harrison*
_____
                    Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Appellant, Glacier General Assurance Co., appeals the June 28, 1982, Workers' Compensation Court order awarding William Polich, claimant and respondent, a lump sum payment for an injury he received in the course of employment.

William Polich suffered a back injury while employed at Whalen's O.K. Tire Warehouse. The injury was accepted as compensable by Glacier General Assurance Co.

On July 7, 1980, claimant petitioned the Workers' Compensation Court to grant him a lump sum settlement so he and his wife could sell their home and move to a more hospitable climate. Judge William E. Hunt, after a hearing, determined that claimant is totally and permanently disabled and a lump sum settlement would be in claimant's best interest.

From this conclusion, Glacier General appealed to this Court. Glacier contended that there was no substantial evidence to support the Workers' Compensation Court's determination that a lump sum settlement was in the claimant's best interest and that claimant was not entitled to attorney fees and costs. We affirmed the Workers' Compensation Court and remanded the case for determination of the amount of the lump sum settlement and the attorney fees and costs. Polich v. Glacier General Assurance Co. (1981), ____ Mont. ____, 634 P.2d 1162, 38 St.Rep. 1572.

On January 20, 1982, Judge Timothy Reardon of the Workers' Compensation Court heard the remanded case. In his initial order dated April 29, 1982, Judge Reardon established that the appellant's maximum liability to claimant was $113,389.05. The lump sum payment was conditioned on the following:

"A.  The Division shall determine what amount of money the claimant is entitled to after his future benefits are discounted to present value according to the usual lawful Division procedure.

"B.  When claimant knows how much money he can spend, the insurer shall advance a reasonable amount of money for the claimant and his wife to go down to Arizona and select a house within their means, taking into account the lump sum award less the credits allowed the insurer for benefits paid since the trial and the amount of the advance.

"C.  When the claimant has selected a house, he shall bring the appropriate documents (e.g., a contract for deed, buy-sell agreement, or other suitable real estate transfer documents) to this Court for review.  At that time the insurer will be directed to pay the claimant a lump sum subject to its maximum liability to be used for the purchase of the house."

Attorney fees and costs in the amount of $6,433.63 were ordered to be paid to the claimant.

Claimant objected to the April order and moved for a rehearing.  On June 28, 1982, the Workers' Compensation Court denied the motion, concluding that it had before it all the evidence necessary to render a decision.  Judge Reardon modified the April order by stating:

"The Court is further convinced that the Order on Remand did place the claimant in an untenable legal position by requiring claimant to purchase a house subject to this Court's approval.  Furthermore, the remand instructions from the Supreme Court do not require this Court to seek further justification for the award of the lump sum.  Therefore, no further justification will be required of the claimant."

The appellant's maximum liability was discounted, and the claimant was awarded $66,699.61.

Glacier's request for a rehearing was denied.  Glacier appeals.

-3-

The sole issue on appeal is whether Glacier is entitled to have reasonable conditions placed on the lump sum award.

Glacier argues that since the justification for the lump sum was claimant's proposed move to Arizona conditions should be placed on the award to insure the money will be used for such purpose. No authority is cited for this contention.

Section 39-71-741, MCA, reads in part: ". . . A controversy between a claimant and an insurer regarding the conversion of bi-weekly payments into a lump sum is considered a dispute for which the workers' compensation judge has jurisdiction to make a determination." Section 39-71-2905, MCA, reads in part, ". . . If the dispute relates to benefits due a claimant under ch. 71, the judge shall fix and determine any benefits to be paid and specify the manner of payment. . ." (Emphasis added.)

We have held that the findings of the Workers' Compensation Court will be presumed correct and affirmed if supported by substantial evidence. Willoughby v. Arthur McKee and Co. (1980), _____ Mont. _____, 609 P.2d 700, 37 St.Rep. 620; Newman v. Kamp (1962), 140 Mont. 487, 374 P.2d 100.

Applying this standard, we affirm the order of the Workers' Compensation Court here. Section 39-71-741, MCA, gives the Workers' Compensation Court Judge jurisdiction to require an insurer to pay a lump sum as opposed to bi-weekly payments. Section 39-71-2905, MCA, clearly empowers the Workers' Compensation Judge to specify the manner of such payment, including unconditional lump sum awards. The evidence in the case at bar supports the conclusion reached

-4-

by Judge Reardon that the appellant pay the claimant a lump sum without any conditions.

Affirmed.

_Frank J. Haswell_
Chief Justice

We concur:

_John Conway Harrison_

_L. C. Gulbrandson_
Justices