No. 87-207

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

RUSSELL A. LAMB,

        Claimant and Appellant,

    -vs-

MISSOULA IMPORTS, INC., Employer,
     and
UNIVERSAL INSURANCE CO.,

        Defendant and Respondent.

APPEAL FROM:  The Workers' Compensation Court, The Honorable
               Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Williams Law Firm; Shelton C. Williams, Missoula,
        Montana

    For Respondent:

        Garlington, Lohn & Robinson; Robert E. Sheridan, Jr.,
        Missoula, Montana

Submitted on Briefs:  Nov. 13, 1987

Decided:  January 19, 1988

Filed:     JAN 19 1988

*Ethel M. Harrison*

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Claimant appeals from the judgment of the Workers' Compensation Court which denied him an award of attorney's fees after adjudging that he was entitled to permanent partial disability benefits. Because of a lack of the introduction of relevant wage figures, the judge was unable to determine the exact amount claimant should receive for permanent partial disability benefits. Claimant appeals on the issue of attorney's fees. We reverse and remand.

The specific issues raised for our review are as follows:

1. Whether claimant is entitled to attorney's fees pursuant to a prior ruling on the same case which awarded fees under § 39-71-611, MCA.

2. Whether claimant is entitled to attorney's fees under § 39-71-612, MCA, after going to a hearing which resulted in an increase in benefits.

In 1978, Russell Lamb worked for Missoula Imports as a janitor. On September 11, 1978, he slipped and fell, hitting his head on the cement floor. He was diagnosed as having sustained a concussion. In February, 1979, Lamb was further diagnosed as suffering from epilepsy. Even with medication, Lamb had occasional seizures.

On March 9, 1982, while driving down a busy street, Lamb had a seizure. He drove off the road, and hit his car head on with a tree, causing serious head injuries and permanent brain damage. This Court in Lamb v. Missoula Imports, Inc. (Mont. 1984), 684 P.2d 498, 41 St.Rep. 1414, (Hereinafter Lamb I), affirmed the Workers' Compensation Court in holding that Lamb's epileptic seizures were a direct cause of his

2

1978 slip and fall injury while working for Missoula Imports. Lamb was awarded temporary total disability benefits, retroactive to the date of the auto accident. In Lamb I, claimant received attorney's fees pursuant to § 39-71-611, MCA.

In January, 1987, Lamb again went to hearing to determine whether he was entitled to increased permanent partial disability benefits and domiciliary care payments Defendant denied liability for domiciliary care payments, and disputed the proper amount of permanent partial disability benefits.

The Workers' Compensation Court found that Lamb was entitled to receive payment for both domiciliary care as well as permanent partial disability benefits. However, claimant failed to introduce evidence of what the pay would be at the time of the hearing for someone working as a janitor in the same capacity as Lamb was at the time of his injury in 1978. Consequently, the court was unable to determine the correct amount which Lamb should receive for permanent partial disability benefits, but did provide a general formula from which to calculate the correct amount. In its order, the court encouraged the parties to resolve their dispute using the guidance the judge provided. The Workers' Compensation Court summarized the issue of a benefits increase in the form of permanent partial disability benefits by stating: "There is no question of whether claimant is disabled, the only question is how much to pay."

In the Lamb II judgment, the Workers' Compensation Court awarded attorney's fees to claimant on all issues brought upon which he prevailed. Immediately following the entry of the court's order, the parties agreed on an increase of benefits from $52.38 per week to $94.00 per week. In a memorandum subsequent to the Lamb II judgment, the court

3

clarified the award of attorney's fees. The judge ordered defendant to pay as attorney's fees, 25 percent of claimant's future benefits for domiciliary care and a lump sum of 25 percent of those benefits already received. As to the fees pertaining to the issues of permanent partial disability benefits, the court denied Lamb's claim on the grounds that he did not meet his burden of proof regarding the applicable rate.

We will first address the issue of whether claimant is entitled to fees pursuant to § 39-71-611, MCA, or pursuant to the ruling and award of fees in Lamb I.

Claimant was forced to hire an attorney and litigate his claim in order to receive temporary total disability benefits for his 1978 head injury and subsequent injuries sustained in 1982. The insurer denied liability which was later adjudged compensable by both the Workers' Compensation Court and the Montana Supreme Court. In Lamb I the claimant was properly awarded attorney's fees pursuant to § 39-71-611, MCA.

Following that decision, defendant paid claimant $52.38 per week for approximately 5 years. When claimant reached maximum healing and requested permanent partial benefits calculated at a rate which would increase his weekly benefits to $120.50 per week, the insurer disputed the amount to be paid and denied liability for any amount greater than $52.38 per week.

This new round of litigation cannot be construed as falling under § 39-71-611, MCA. The insurer was not denying liability, but was disputing the amount of compensation owed. The facts fall squarely within the language of § 39-71-612, MCA (1983), which was in effect on the date of Lamb's injury. The standards for computations of benefits for the claimant are fixed by the statutes in effect as of the date of injury. Buckman v. Montana Deaconess Hospital (Mont. 1986), 730 P.2d

4

380, 382, 43 St.Rep. 2216, 2218, citing Trusty v. Consolidated Freightways (Mont. 1984), 681 P.2d 1085, 41 St.Rep. 973.

Section 39-71-612, MCA (1983) states:

(1) If an employer or insurer pays or tenders payment of compensation under chapter 71 or 72 of this title but controversy relates to the amount of compensation due and the settlement or award is greater than the amount paid or tendered by the employer or insurer, a reasonable attorney's fee as established by the division or the workers' compensation judge if the case has gone to hearing, based solely upon the difference between the amount settled for or awarded and the amount tendered or paid, may be awarded in addition to the amount of compensation.

We hold that neither § 39-71-611, MCA, nor the Workers' Compensation Court ruling in Lamb I, which awarded fees pursuant to that statute, apply to the facts of Lamb II as it is now before this Court. The applicable statute is § 39-71-612, MCA (1983).

Defendant next requests this Court to rule that § 39-71-612, MCA, does not mandate an award of attorney's fees either. We disagree.

Defendant asserts that claimant did not prevail on the issue of permanent partial disability benefits and therefore does not merit an award of attorney's fees. Defendant relies on the fact that claimant was demanding benefits of $120 per week rather than the $52.38 per week being paid. Further, the order from the Workers' Compensation Court did not specify any correct amount owed to claimant.

Although it is true that the court ultimately held that claimant did not prevail on his claim for permanent partial disability benefits, the language of the opinion and resulting increase in benefits would indicate otherwise. The

5

specific language used by the Workers' Compensation judge is as follows:

> In order to calculate a diminution in earning capacity, one must first determine the wages earned at date of injury and then compare those wages with what claimant's capacity to earn is with his disability. Claimant has demonstrated that he has no normal job market. (Finding of Fact No. 12.) However, as the Montana Supreme Court has held in McDanold v. B.N. Transport, Inc., ___ Mont. ___, ___ P.2d ___, 41 St.Rptr. 472 (1984), earning capacity must be measured by comparing pre-injury earning capacity with post-injury earning capacity in the same time frame. So, in order to properly calculate claimant's permanent partial disability rate, we would need to know what the job claimant held in September of 1978 would pay today. No evidence was presented as to that pay rate. No determination of permanent partial disability can be made by this Court.
>
> The Court would hope that, given the findings and guidance herein, the parties should be able to resolve this dispute. There is no question of whether claimant is disabled, the only question is how much to pay.

Following this judgment, defendant promptly agreed to a $41.62 per week increase in benefits to $94.00 per week.

It is also true that claimant agreed to reduce his demand of $120.50, but that does not negate the fact that his benefits were ultimately increased as a result of the hearing.

Section 39-71-612, MCA (1983), clearly states that claimant is entitled to attorney's fees if "the settlement or award is greater than the amount paid by the employer or insurer." (Emphasis added.) In this case, the employer settled with claimant for more than the amount that was being paid before the hearing. If a dispute in amount owed is resolved in favor of claimant, this Court inevitably finds that an award of attorney's fees is appropriate. Polich v.

6

Whalen's O.K. Tire Warehouse (1983), 203 Mont. 280, 661 P.2d 38; Walker v. H. F. Johnson, Inc. (1978), 180 Mont. 405, 591 P.2d 181; Catteyson v. Falls Mobile Home Center (1979), 183 Mont. 284, 599 P.2d 341.

Although the discretionary word "may" is found in § 39-71-612, MCA, it does not leave an award of attorney's fees totally up to the Workers' Compensation Court's discretion.

> It is a general principle in statutory construction that, where the word "may" is used in conferring power upon an officer, court, or tribunal, and the public or a third person has an interest in the exercise of power, then the exercise of the power becomes imperative. (Citations omitted.)

Adoption of Bascon (1952), 126 Mont. 129, 136, 246 P.2d 223, 226.

The Workers' Compensation Court found that Lamb was entitled to permanent partial disability benefits. Obviously, the amount of $52.38 being paid by defendant was not considered adequate or the court would not have expended the time and energy in providing the parties with a formula to be used in calculating the correct amount. If the judge's formula was meant to lower Lamb's weekly benefits, it is inconceivable that defendant so readily agreed to an increase of $41.62 per week to $94.00 per week in benefits.

In light of the foregoing discussion, we conclude with the most compelling reason to find that this claimant, under these facts, is deserving of an award of attorney's fees pursuant to § 39-71-612, MCA. As this Court has said:

> If therefore, the social purpose of Workers' Compensation Acts is to provide for the injured worker a fund which replaces his lost earnings or his lost earning capacity, the reasonable cost of effectuating such social purpose where litigation is necessary ought also be the burden of the industry. Any erosion of the workers' right of recovery by imposing upon the worker the cost of

procuring his rights erodes to that extent the social purpose.

> It is clear to us that it is the objective of the statutes allowing attorneys fees in compensation cases to preserve intact the eventual award recovered by the claimant for his impairment, by assessing in addition his attorneys fees and costs against the insurer or employer. It is a further purpose of the statutes to allow the Workers' Compensation Court or Division to regulate attorneys fees for successful claimants.

Wight v. Hughes Livestock Co., Inc. (Mont. 1983), 664 P.2d 303, 40 St.Rep. 696, 702.

> While the workers' compensation judge may determine which attorney's fees are reasonable, the clear meaning of [§ 39-71-612] is to provide attorney fees above and beyond the compensation awarded to a successful claimant.

Holton v. F. H. Stoltze Land and Lumber Co. (1981), 195 Mont. 263, 270, 637 P.2d 10, 14.

We hold that claimant is entitled to an award of reasonable attorney's fees on the issue of his permanent partial disability benefit rate. The amount is to be based solely upon the difference between the amount settled for ($94.00) and the amount paid ($52.38). Section 39-71-612, MCA (1983).

Reversed and remanded to the Workers' Compensation Court for a determination of reasonable attorney's fees.

_____
Justice

We Concur:

_____

8

John C. Sheehy
_____

_____

_____
Justices