MR. JUSTICE SHEEHY,
dissenting:
Counsel for the claimant Buckman, Lloyd Hartford, brought two cases to this Court which were consolidated for oral argument in 1986. They were Buckman v. Montana Deaconess Hospital (Mont. 1986), [224 Mont. 318,] 730 P.2d 380, 43 St.Rep. 2216, and Stelling v. Rivercrest Ranches (Mont. 1986), [224 Mont. 313,] 730 P.2d 388, 43 St.Rep. 2212. Each of these cases had essentially one prime issue, that is whether the 1985 legislative amendment of § 39-71-741, MCA, could be applied retroactively.
Hartford was successful in Buckman, establishing that retroactivity was improper. He was unsuccessful in Stelling, although Stelling adopted Buckman on retroactivity. The reason Hartford was unsuccessful in Stelling was that his client had no standing to raise a further constitutional issue. Both cases established definitively that the amendment to § 39-71-741, MCA, had no retroactive application.
The reason for my dissent here is the obvious disparate treatment of counsel for the claimants and counsel for the insurer in each of these cases. In Buckman, a case which counsel for the insurer lost, the state counsel recovered an attorneys fee based on 110 hours. The Workers’ Compensation Court, however, allowed Hartford only 80 hours for his efforts on the same case. The Court manages to do this by eliminating from Hartford’s claim the hours that he spent on an issue on which he was unsuccessful. That can occur only because this Court and the Workers’ Compensation Court have effected a judicial amendment of § 39-71-614, MCA, relating to the calculation of attorneys fees.
Under the attorneys fees statute, the fee assessed against an insurer “must be based exclusively on the time spent by the attorney in representing the claimant on the issues brought to hearing.” If Hartford were entirely unsuccessful, of course, he is entitled to no fee. Because he was successful, he is entitled under the statute to compensation for his time spent on “the issues brought to hearing.” Any reduction of that time by eliminating hours spent on unsuccessful issues is a violation of § 1-2-101, MCA, which states that the function of a judge in declaring the substance of a statute is “not to insert what has been omitted or to omit what has been inserted.”
The legislature and the administrators of the Workers’ Compensation Fund have thus far terribly bungled that fund and put it in a precarious financial position. The legislature has already done much *523 to reduce the recoverable fees by attorneys who represent claimants in Workers’ Compensation cases. There is no need for us to find reasons which make claimants’ attorneys subsidize the impoverished State Fund. However heroic our efforts, we can never catch up with the errors of management.
If counsel for the Fund in this case spent 110 hours losing a Supreme Court case and an important issue of retroactivity, certainly the attorney for the successful claimant is entitled to at least 110 hours. I dissent.
MR. JUSTICE HUNT concurs in the foregoing dissent.