JUSTICE HUNT,
dissenting.
I dissent. I would reverse and remand this case for a new trial on the question of damages, based on the jury instruction given by the District Court regarding damages. The instruction was based on § 39-2-905, MCA, which provides in part that:
(1) If an employer has committed a wrongful discharge, the employee may be awarded lost wages and fringe benefits for a period not to exceed 4 years from the date of discharge, together with interest thereon. Interim earnings, including amounts the employee could have earned with reasonable diligence, must be deducted from the amount awarded for lost wages.
This Court has developed a rule for construing statutes such as the one in question here. We have repeatedly stated that:
It is a general principle in statutory construction that, where the word “may” is used in conferring power upon an officer, court, or tribunal, and the public or a third person has an interest in the exercise of power, then the exercise of the power becomes imperative. (Citations omitted.)
Lamb v. Missoula Imports (1988), 230 Mont. 183, 188, 748 P.2d 965, *157 968 (quoting Adoption of Bascom (1952), 126 Mont. 129, 136, 246 P.2d 223, 226).
The instruction directing the jury that the “employee may be awarded” the specified damages was misleading and incorrect. The jury, in its discretion, must determine whether there has been a wrongful discharge. If the jury determines there has been a wrongful discharge, the jury must then determine the damages according to § 39-2-905, MCA. In determining the amount of damages in these cases, the jury has some discretion, especially concerning the question of amounts the employee could have earned with reasonable diligence after the wrongful discharge from employment. However, once the jury is satisfied that damages in a certain amount have been proven, an award in that amount is mandatory. In the present case, the instruction given the jury concerning damages may be fairly interpreted as an instruction to the jury that they had the discretion to award or withhold damages, even if they were proven.
The jury found that appellant had been wrongfully discharged from his employment. There is no way of determining how the damages in this case were calculated, but judging from the award of damages, it is entirely possible the jury believed that it was within their discretion to award or withhold damages even if they were proven.
Additionally, appellant is entitled to attorney fees at the District Court level and on appeal under the private attorney general doctrine. The private attorney general doctrine is “utilized when the government, for some reason, fails to properly enforce interests which are significant to its citizens” and a private citizen is forced to bring suit to enforce these interests and prevails. Matter of Dearborn Drainage Area (1989), 240 Mont. 39, 43, 782 P.2d 898, 900. The fact that the appellant stood to gain personally from the litigation does not diminish the benefits received by the public. In this case, the appellant alleged that he was wrongfully discharged from his employment because he attempted to expose fraud and waste in state government. A jury determined that he had in fact been wrongfully terminated. Fraud and waste in government are clearly matters of eminent importance and interest to the citizens of this State and the private attorney general doctrine should be applied in this case.
JUSTICE TRIEWEILER concurs in the foregoing dissent of JUSTICE HUNT.