No. 86-049

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

CLIFFORD GULLETT,

      Claimant/Respondent,

-vs-

STANLEY STRUCTURES,

      Employer,

and

AETNA COMMERCIAL INSURANCE DIVISION,
      Defendant/Appellant.

---

APPEAL FROM: Workers' Compensation Court
      of the State of Montana
      The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Poore, Roth and Robinson; C. Richard Anderson,
        Butte, Montana,

    For Respondent:

        Robert L. Kelleher, Billings, Montana

---

Submitted on Briefs: March 28, 1986

Decided: July 25, 1986

Filed: JUL 25 1986

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Clifford Gullett's employer, Stanley Structures, and its insurer, Aetna, appeal the Order of the Workers' Compensation Court awarding attorney's fees to Gullett's counsel in the amount of $17,959.00 based upon an hourly fee of $125.00 per hour and a paralegal fee of $35.00 per hour. We affirm the Workers' Compensation Court's award.

The single issue presented by this appeal is whether the award of attorney's fees was properly calculated under § 39-71-614, MCA (1985).

The award of attorney's fees arose in the context of litigation concerning the amount of permanent partial disability benefits to which Gullett was entitled. On April 23, 1985 the Workers' Compensation Court filed its Findings of Fact, Conclusions of Law and Judgment awarding Gullett 480 weeks of permanent partial disability benefits at the rate of $93.07 per week. The Court also found that Gullett was entitled to an award of reasonable costs and attorney's fees pursuant to § 39-71-612, MCA. Consistent with the Order of the court, Gullett's counsel submitted a record of the costs and of the hours compiled in preparing and trying the case, with supporting affidavits. Counsel also submitted the contingent fee contract between himself and his client, Gullett. Finally, counsel also submitted a Proposed Order specifying the amount of attorney's fees claimed and including his customary and current hourly fee used to determine the amount. The calculation submitted by Gullett's counsel included 150.8 hours of attorney work at $125.00 per

hour ($17,612.50) and 9.90 hours of paralegal time at $35.00 per hour ($346.50) for a total of $17,959.00.

Aetna filed a motion opposing the proposed calculation of attorney's fees to be awarded to Gullett's counsel. Aetna argued that 150.8 hours of attorney time was an unreasonably high calculation for the nature of the case. Aetna further contended that $125.00 per hour was an unreasonably high hourly fee. Aetna urged the Workers' Compensation Court not to award attorney's fees based on this calculation which Aetna believed to be engineered to garner an award roughly equal to what Gullett's counsel would have received if the court could have awarded fees based on the contingency contract between Gullett and his counsel.

On April 22, 1985, one day before the Workers' Compensation Court issued its Findings of Facts and Conclusions of Law, a recent amendment to § 39-71-614, MCA, went into effect. Previous to the amendment, contingency contracts could be considered by the court in awarding attorney's fees. Wight v. Hughes Livestock Company, Inc. (Mont. 1983), 664 P.2d 303, 40 St.Rep. 696. The statute, as amended, now states:

> (1) The amount of an attorney's fee assessed against an employer or insurer under 39-71-611 or 39-71-612 must be based exclusively on the time spent by the attorney in representing the claimant on the issues brought before the workers' compensation judge. The attorney must document the time spent and give the documentation to the judge. The judge shall determine a reasonable attorney fee and assess costs. He is not bound by the documentation submitted to him. The hourly fee the judge applies to the time spent must be based on the attorney's customary and current hourly fee for legal work performed in this state.
>
> (2) This section does not restrict a claimant and an attorney from entering into a contingency fee arrangement under which the attorney receives a percentage of the amount of compensation payments received by the claimant because of the efforts of

the attorney. However, an amount equal to any fee and costs assessed against an employer or insurer under 39-71-611 or 39-71-612 and this section must be deducted from the fee an attorney is entitled to from the claimant under a contingency fee arrangement.

The statute clearly provides that award of attorney's fees must be based on the hourly rate of the attorney and the hours expended. Gullett's counsel submitted records and affidavits supporting the hours claimed and his fee. Aetna contends this fee impermissibly contains a factor to compensate for the risk involved in contingency situations, that is: losing the case and hence not being paid any fee. A more reasonable fee, Aetna argues, would be what it considers to be the common rate of $85.00 per hour.

We must note that the statute does not require that fee awards be based on an average rate of Montana attorneys, but rather awards must be based on the particular attorney's customary hourly rate. How the individual attorney calculates what would be an adequate hourly rate to cover overhead, expenses and compensation is not of concern. There is substantial credible evidence in the record to support the lower court's finding that:

> As to the reasonableness of the fee, all of the time that was spent by claimant's counsel has been documented and is on file with this Court. Since the claimant prevailed on every issue except the 20 percent penalty, this Court cannot find that the time spent was unreasonable. Claimant's attorney should be compensated for 150.8 hours of time. He should be paid at the rate he commands in the open market, which he reports to be $125/hour for his services and $35/hour for his paralegal services. Claimant's attorney fee is $17,959.

The order of the Workers' Compensation Court is affirmed.

Justice

- 4 -

We Concur:

_____
Chief Justice

_____
John C. Sheehy

_____
John Conway Harrison
Justices

- 5 -

Mr. Justice Fred J. Weber dissents as follows:

I dissent from the majority opinion in its conclusion that there is substantial credible evidence to support the lower court's determination of attorney's fee.

Section 39-71-614, MCA, requires that an amount of an attorney's fee must be based exclusively on the time spent. While the record supports the time determination of the Workers' Compensation Court, I do not believe that the record meets the requirements of the last sentence of paragraph (1) of § 39-71-614, MCA, which states:

> The hourly fee the judge applies to the time spent must be based on the attorney's customary and current hourly fee for legal work performed in this state.

The affidavit of Robert C. Kelleher, Sr., dated May 2, 1985, established that Robert E. Kelleher, Jr., passed the Montana and California bar exams in 1984, and detailed various experience which he had. In addition it stated the following:

> . . . that because all of the work of said OFFICE is on a contingent fee basis, an hourly rate has to be set on the basis of overhead, attorney's skills, and the fact that occasionally a case is lost, resulting in the OFFICE absorbing not only lost attorney and staff salaries but invariably several thousand dollars in costs for medical exams, medical consultations, medical expert witness fees, vocational rehabilitation expert studies and attorney consultations, vocational rehabilitation expert witness fees, deposition charges, air plane fares, motel bills, long distance telephone calls, copying, etc.; that the hourly rate of Robert L. Kelleher, Jr., has a value of $125.

The statement that the hourly rate has a value of $125 does not meet the statutory requirement that the hourly fee which the judge applies must be based upon the attorney's "customary and current hourly fee for legal work performed in this state." It may well be that this deficiency resulted in part from the recent amendment made to § 39-71-614, MCA, which

6

took effect one day prior to the findings of fact and conclusions of the court.

In addition, I conclude that the affidavits submitted by the attorneys for the insurance company are not satisfactory because they set forth the customary and current hourly fee for defense legal work which may be significantly different than plaintiff's work in this type of case.

I would therefore reverse the determination by the Workers' Compensation Court and remand the case with instructions for a redetermination of the fee in accordance with the provisions of the statute.

_____
Justice

Chief Justice J.A. Turnage and Justice L.C. Gulbrandson join in the foregoing dissent of Justice Fred J. Weber.

_____
Chief Justice

_____
Justice

7