MR. JUSTICE GULBRANDSON
delivered the Opinion of the Court.
Robert L. Kelleher, Jr., claimant’s attorney, appeals a Workers’ Compensation Court order awarding him attorney fees of $3,318.50.
The issue on appeal is whether the attorney fee was properly calculated by the Workers’ Compensation Court.
We affirm.
The claimant was injured in June, 1983, while employed at the Bonanza Steak House in Billings, Montana. Bonanza’s insurance carrier, Crawford & Company, (hereinafter insurance company) accepted liability, paying both medical expenses and temporary total disability benefits from June, 1983 through October, 1983. The Workers’ Compensation Court extended claimant’s temporary total disability status to October 18, 1984, for a total award of $3,434.65, and ordered claimant to submit her proposed order for the awarding of attorney fees and costs. Claimant’s attorney documented 54.55 hours of work at an hourly rate of $125, bringing the total fee to $6,818.75. Claimant submitted costs of $1,080.55. It should be mentioned that claimant and her attorney entered into a contingency fee agreement in May, 1984, whereby the attorney would receive 33% of any award made by the Workers’ Compensation Court. The insurance company objected to the proposed order awarding attorney fees and both parties filed briefs. On May 23, 1986, the Workers’ Compensation Court ordered the insurance company to pay claimant $3,318.50 in attorney fees based on an hourly rate of $70, and costs of $1,080.55. Claimant’s petition for reconsideration of the attorney fee award was denied.
Section 39-71-614, MCA, explains how attorney fees in workers’ compensation cases are determined:
“(1) The amount of an attorney’s fee assessed against an employer or insurer under 39-71-611 or 39-71-612 must be based exclusively on the time spent by the attorney in representing the claimant on the issues brought before the workers’ compensation judge. The judge shall determine a reasonable attorney fee and assess costs. He is not bound by the documentation submitted to him. The hourly *193 fee the judge applies to the time spent must be based on the attorney’s customary and current hourly fee for legal work performed in this state.
“(2) This section does not restrict a claimant and an attorney from entering into a contingency fee arrangement under which the attorney receives a percentage of the amount of compensation payments received by the claimant because of the efforts of the attorney. However, an amount equal to any fee and costs assessed against an employer or insurer under 39-71-611 or 39-71-612 and this section must be deducted from the fee an attorney is entitled to from the claimant under a contingency fee arrangement.”
Attorney Norman Grosfield of Helena authored the bill that subsequently became Section 39-71-614, MCA. Grosfield primarily practices in the workers’ compensation field and was chief legal counsel and then administrator of the Workers’ Compensation Division from 1975-79. During his tenure as administrator, Grosfield was directly involved in the assessment of attorney fees against insurance carriers. Assessments at that time were made on an hourly basis and were in line with what the Division thought was the customary fee charged by the legal profession in the state of Montana. Grosfield testified that the bill was aimed at addressing this Court’s decision in Wight v. Hughes Livestock Co., Inc. (Mont. 1983), [204 Mont. 98.] 664 P.2d 303, 40 St.Rep. 696. In Wight, attorney fees were assessed against an insurance carrier based on the time incurred by the claimant’s attorney and a proper hourly amount as determined by the Workers’ Compensation Court. We found that the procedure used by the Workers’ Compensation Court was improper and held that the court should base the assessment of attorney fees on the contingency fee contract between the claimant and his attorney. Grosfield’s intent was to reinstate the procedure employed prior to Wight in an effort to hold down the costs of workers’ compensation and to prevent a severe backlash by the legislature.
As to the hourly fee to be applied, Subsection (1) of Section 39-71-614, MCA, says that “The hourly fee the judge applies to the time spent must be based on the attorney’s customary and current hourly fee for legal work performed in this state.” Grosfield testified that the statute granted the workers’ compensation judge an opportunity to calculate the appropriate hourly amount based on the judge’s knowledge of the charging of legal fees in the state of Montana. Grosfield’s remark is not an accurate reflection of the final version of the statute. The fee is to be based on what the individual *194 attorney has established as his customary and current hourly fee, not on what is recognized as a reasonable hourly fee by lawyers in the state of Montana. We adopted this view in Gullett v. Stanley Structures (Mont. 1986), [222 Mont. 365,] 722 P.2d 619, 43 St.Rep. 1335.
As expected, Grosfield encountered several questions about the bill’s effect. We refer to Grosfield’s deposition testimony.
“Q. The third question raised was whether the bill would prevent a claimant’s attorney from obtaining a windfall fee in cases involving large amounts of money. What prompted you to raise and address that question?
“A. My concern was that Workers’ Compensation cases can, anymore, involve substantial amounts of money; and with larger and larger awards, if the Wight decision continued in effect it would amount to larger and larger assessments of attorney fees against insurance carriers, which would have the ultimate effect of substantially increasing the costs to the employer in the State of Montana, which costs are rising in my opinion, inordinately. That was the primary intent of the bill, to prevent the substantial assessments of attorney fees against insurance carriers in the larger cases.
“Q. Does the bill prevent a claimant’s attorney in such cases from collecting a contingency fee?
“A. No.
“Q. Why is that?
“A. The bill specifically provides that a claimant’s attorney may charge a fee based on the contingency contract, but any amount awarded or assessed against an insurance carrier shall be deducted from the total attorney fee that is received by the attorney.
“Q. The fourth question that you raised and addressed is whether the bill would assist claimants involving small amounts of disputed monies. Why, again, did you raise and address that question?
“A. There are situations in which there are relatively minor amounts of money involved; and in fact the particular case before the Court, I would consider that particular case involving a relatively small amount of money. But there are situations where insurance carriers refuse to pay the small amount in medical costs, etc.; and if one were to strictly apply the Wight case, it would have the reverse effect in assisting claimants in receiving proper representation. There are appropriate situations where I can see the award of attorney fees against an insurance company could even be larger than what the actual recovery was, and I’ve had situations like that. *195 So in granting an attorney fee based on an hourly amount, it encourages attorneys to take those issues before the Court if they know that they are going to get something other than the contingency fee amount if they are successful. (Emphasis added.)”
In this case, claimant’s attorney, Robert Kelleher, Jr., failed to establish that his customary and current hourly fee was $125. Kelleher testified that he set the $125 hourly fee in direct response to the enactment of Section 39-71-614, MCA. In the absence of a standard by which to set Kelleher’s fee under the statute, the Workers’ Compensation Judge concluded that a $70 hourly fee was appropriate: “The $70 per hour figure yields an attorney fee in this case of $3,318.50 ($70 times 54.55 hours). This amount is roughly three times greater than what claimant’s counsel could have expected to earn under a contingency fee agreement. Under a contingency award, claimant’s counsel would have earned $20.78 per hour. Clearly, this amount would not adequately compensate him for the energy expended in pursuing this matter. However, it is an indication that the $70 figure is a reasonable one, and that the $125 per hour fee requested by claimant’s counsel would not be justified under the facts of this case.”
The judge did the best he could with the situation presented to him. In future cases, the hourly fee the Workers’ Compensation Judge applies to the time spent should be based on the individual attorney’s current and customary hourly fee as established by that particular attorney.
Affirmed.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES HARRISON and WEBER concur.