No. 88-533

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

ROSE N. BUCKMAN,

        Claimant and Appellant,

    -vs-

MONTANA DEACONESS HOSPITAL,

        Employer,
   and
STATE COMPENSATION INSURANCE FUND

        Defendant and Respondent.

APPEAL FROM:  The Workers' Compensation Court,
            The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Lloyd E. Hartford; Billings, Montana

    For Respondent:

        Michael McCarter, Hughes, Kellner, Sullivan & Alke;
        Helena, Montana

Submitted on Briefs:  May 11, 1989

Decided: June 27, 1989

FILED

JUN 27 1989

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Claimant appeals the decision of the Workers' Compensation Court reducing the hourly rates charged for attorney fees. The decision came on remand from the opinion of this Court in Buckman v. Montana Deaconess Hospital (Mont. 1986), 730 P.2d 380, 43 St.Rep. 2216. We affirm.

The issues on appeal are: (1) whether the Workers' Compensation Court abused its discretion in reducing the attorney fees requested by claimant from $225 per hour to $80 per hour; and (2) whether the Workers' Compensation Court erred in awarding attorney fees only for those issues upon which claimant prevailed.

Claimant, Rose Buckman, was injured in 1981 in the course and scope of her employment. It was stipulated that she was permanently, totally disabled and she requested a lump sum advance of benefits. The Workers' Compensation Court denied the application of lump sum benefits pursuant to section 39-71-741, MCA (1985). On appeal, this Court stated that retroactive application of section 39-71-741(2) was unconstitutional for injuries occurring prior to 1985. The case was remanded to the Workers' Compensation Court for reconsideration of claimant's lump sum request.

On remand, partial lump sum benefits of $15,000 were advanced claimant on January 11, 1988, and upon a contingent fee arrangement between Buckman and her attorney, 40 percent was awarded for attorney fees. Moreover, the court found that claimant was entitled to reasonable attorney fees on the remainder of the compensable claim and directed claimant's attorney to prepare and submit a statement concerning costs and the attorney's customary and current hourly fee.

Claimant's attorney, Lloyd Hartford, submitted a statement of an hourly rate and the time spent representing claimant. He sought $225 per hour for 154.8 hours worked, equalling a total of $34,830

2

in attorney fees. On March 31, 1988, a hearing was held to discuss the attorney fees requested. Three issues were presented to the Workers' Compensation Court. The first was whether attorney fees should be limited to the contingency fee agreement. From the $15,000 lump sum the attorney's fee was $6,000 (40 percent). The second issue was whether the number of hours claimed by the attorney was reasonable. The third issue questioned the reasonableness of the hourly rate claimed.

The Workers' Compensation Court found that a reasonable hourly rate was $80 per hour and a reasonable time spent by the attorney in this case was 80 hours.

The first issue with which we are faced is whether this determination by the court to reduce the attorney's submitted hourly rate was an abuse of discretion.

Section 39-71-614, MCA, provides:

> Calculation of attorney fees -- limitation.
> (1) The amount of an attorney's fee assessed against an insurer under 39-71-611 or 39-71-612 must be based exclusively on the time spent by the attorney in representing the claimant on the issues brought to hearing. The attorney must document the time spent, but the judge is not bound by the documentation submitted.
>
> (2) The judge shall determine a reasonable attorney fee and assess costs. The hourly rate applied to the time spent must be based on the attorney's customary and current hourly rate for legal work performed in this state, subject to a maximum established by the division.
>
> (3) This section does not restrict a claimant and an attorney from entering into a contingency fee arrangement under which the attorney receives a percentage of the amount of compensation payments received by the claimant because of the efforts of the attorney. However, an amount equal to any fee and costs

3

> assessed against an insurer under 39-71-611 or
> 39-71-612 and this section must be deducted
> from the fee an attorney is entitled to from
> the claimant under a contingency fee arrange-
> ment.

The Workers' Compensation Court requested that counsel submit a statement detailing the attorney's "customary and current hourly rate." Mr. Hartford himself asserted that he does not charge an hourly rate in the regular course of business, stating that he works upon contingent fee arrangements. Regardless, Hartford submitted a claim for $225 an hour, claiming that if he were to charge hourly fees, this rate would be necessary to support the cost of doing business.

Respondent requested a hearing to discuss the propriety of the hourly rate alleged by Mr. Hartford. Testimony was taken regarding a proper hourly fee to be charged in workers' compensation cases. The testimony was considered in reducing claimant's attorney's rate from $225 per hour to $80 per hour. The court found that a reasonable fee in a workers' compensation case is between $70 and $90 per hour.

In determining attorney fees in the case at bar, the Workers' Compensation Court relied on the factors set out in Wight v. Hughes Livestock Co., Inc. (1983), 204 Mont. 98, 114, 664 P.2d 303, 312. We stated there:

> . . . that in every retainer contract, be it
> personal or public, hourly, fixed fee or
> contingent fee, each such contract is in
> reality based on the market value of the
> lawyer's services.

Claimant contends that, according to Gullet v. Stanley Structures (Mont. 1986), 722 P.2d 619, 621, 43 St.Rep. 1335, 1337,

> We must note that the statute [section 39-71-
> 614, MCA] does not require that fee awards be
> based on an average rate of Montana attorneys,

4

> but rather awards must be based on the par-
> ticular attorney's customary hourly rate.

In this respect, claimant alleges that the Workers' Compensation Court incorrectly relied on the testimony in determining an hourly rate for the average Montana attorney.

While the hourly rate of the particular attorney is the proper test, _Gullet_ cannot be relied upon specifically here. Hartford does not have a customary and current hourly fee, although he claims an equivalent would be $225. As we showed in Paulsen v. Bonanza Steak House (Mont. 1987), 733 P.2d 335, 44 St.Rep. 159, the Workers' Compensation Judge can look to evidence submitted by both parties to determine a reasonable rate. Without a customary and current hourly fee, the judge cannot wholly rely on the claimant's attorney's testimony of what he believes his fee would be.

Section 39-71-614(2), MCA, states that "[t]he judge shall determine a reasonable attorney fee and assess costs. The hourly rate applied to the time spent must be based on the attorney's customary and current hourly rate for legal work performed in this state. . ." Therefore, it is within the discretion of the Workers' Compensation Judge to determine reasonable attorney fees. In cases where a successful claimant's attorney does not charge a customary and current hourly rate, the judge's discretion is broad. This Court will not interfere with the decision of the Workers' Compensation Court absent an abuse of discretion. Swan v. Sletten Construction Co. (Mont. 1986), 726 P.2d 1170, 43 St.Rep. 1926. In this case, there is substantial credible evidence to support the findings of the Workers' Compensation Court and we will not substitute its judgment with our own. Intermountain Insurance Co. v. Church Mutual Insurance Co. (Mont. 1987), 740 P.2d 682, 44 St. Rep. 1317; Coles v. Seven Eleven Stores (1985), 217 Mont. 343, 704 P.2d 1048. An attorney who charges contingency fees cannot expect

to reap the same benefits from hourly rates as they may from successful contingent fee cases. As we stated in Wight,

> The experience of the marketplace indicates that lawyers generally will not provide legal representation on a contingent basis unless they receive a premium for taking that risk. Ordinarily, when lawyers undertake a representation on a contingency basis, they bargain for a percentage of the recovery. That percentage is sufficiently high to compensate the lawyer not only for the reasonable value of the time he or she anticipates devoting to the particular lawsuit, but also for the time devoted to other lawsuits undertaken on the same basis but unsuccessful in result. Thus, in a rough and arbitrary way, the contingent percentage fee accounts for the risk of non-recovery. Berger, Court Awarded Attorneys' Fees: What is Reasonable? 126 Univ. Pa. Law Review 281, 324-325 (1977); Clark v. Sage (1981), 102 Idaho 261, 629 P.2d 656, 661.

664 P.2d at 309-310.

An attorney who charges a customary and current hourly fee does not take the same risk nor expect the same high compensation in return. The court took this into consideration and decided accordingly that $80 per hour is reasonable for attorney fees in this case. We hold that the Workers' Compensation Court did not abuse its discretion in reducing claimant's attorney's fees from $225 to $80 per hour.

The second issue is whether the Workers' Compensation Court erred in awarding claimant's attorney attorney fees only for those issues upon which claimant prevailed.

Mr. Hartford claimed that he spent, initially, 154.8 hours handling claimant's case. He then added another 82.3 hours previously overlooked, totaling 236 hours. The fee for this case, over and above the contingent fee, was calculated at $53,100. In considering these hours submitted, the court found that the

6

attorney should not receive prevailing fees for those issues upon which he was not successful. Hartford looks to section 39-71-614, MCA, which states that "attorney's fees assessed against an insurer under 39-71-611 or 39-71-612, must be based exclusively on the time spent by the attorney in representing the claimant on the issues brought to hearing." As alleged, attorney fees would then be paid for any time spent on any issue, compensable or illusory.

The Workers' Compensation Court considered the hours submitted by Mr. Hartford on all the issues brought before the court. A substantial amount of time was spent concerning an annuity from a total lump sum award, which was denied. More hours were spent on a penalty issue against the insurer, which claimant states was withdrawn, and on the attorney fee issue. All of these hours, as the court pointed out, did not relate to the partial lump sum advance or the constitutional issues, prevailed upon in Buckman I. Section 39-71-614(1) states that "the judge is not bound by the documentation submitted." For the same reason that an attorney would not receive attorney fees in a case where he did not prevail on any issues, an attorney will not be awarded attorney fees for issues upon which he did not prevail here. We held in Krause v. Sears Roebuck & Co. (1982), 197 Mont. 102, 641 P.2d 458, that under section 39-71-612, MCA, a claimant is entitled to attorney fees and costs in relation only to his proof on prevailing issues.

Similarly, under section 39-71-612, MCA, "[i]f a dispute in amount owed is resolved in favor of claimant, this Court inevitably finds that an award of attorney's fees is appropriate. Polich v. Whalen's O. K. Tire Warehouse (1983), 203 Mont. 280, 661 P.2d 38; Walker v. H. F. Johnson (1978), 180 Mont. 405, 591 P.2d 181, Catteyson v. Falls Mobile Home Center (1979), 183 Mont. 284, 599 P.2d 341." Lamb v. Missoula Imports (Mont. 1988), 748 P.2d 965, 967-968, 45 St.Rep. 127, 131.

7

Furthermore, in Milander v. Carpenter (Mont. 1987), 748 P.2d 932, 44 St.Rep. 2204, pursuant to section 39-71-611, MCA, the state fund denied a claim for benefits. Only after the claim was later adjudged compensable by the Workers' Compensation Court was the award of attorney fees proper.

Therefore, the Workers' Compensation Court did not err in finding that the claimant's attorney should not receive attorney fees for issues upon which he did not prevail and the number of hours found by the court as reasonable to spend in this case is upheld.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

Mr. Justice R. C. McDonough did not participate.

8

Mr. Justice John C. Sheehy, dissenting:


Counsel for the claimant Buckman, Lloyd Hartford, brought two cases to this Court which were consolidated for oral argument in 1986. They were Buckman v. Montana Deaconess Hospital (Mont. 1986), 730 P.2d 380, 43 St.Rep. 2216, and Stelling v. Rivercrest Ranches (Mont. 1986), 730 P.2d 388, 43 St.Rep. 2212. Each of these cases had essentially one prime issue, that is whether the 1985 legislative amendment of § 39-71-741, MCA, could be applied retroactively.

Hartford was successful in Buckman, establishing that retroactivity was improper. He was unsuccessful in Stelling, although Stelling adopted Buckman on retroactivity. The reason Hartford was unsuccessful in Stelling was that his client had no standing to raise a further constitutional issue. Both cases established definitively that the amendment to § 39-71-741, MCA, had no retroactive application.

The reason for my dissent here is the obvious disparate treatment of counsel for the claimants and counsel for the insurer in each of these cases. In Buckman, a case which counsel for the insurer lost, the state counsel recovered an attorneys fee based on 110 hours. The Workers' Compensation Court, however, allowed Hartford only 80 hours for his efforts on the same case. The Court manages to do this by eliminating from Hartford's claim the hours that he spent on an issue on which he was unsuccessful. That can occur only because this Court and the Workers' Compensation Court have effected a judicial amendment of § 39-71-614, MCA, relating to the calculation of attorneys fees.

Under the attorneys fees statute, the fee assessed against an insurer "must be based exclusively on the time spent by the attorney in representing the claimant on the issues brought to hearing." If Hartford were entirely unsuccessful, of course, he is entitled to no fee. Because he was successful, he is entitled under the statute to compensation for his time spent on "the issues brought to hearing." Any reduction of that time by eliminating hours spent on unsuccessful issues is a violation of § 1-2-101, MCA, which states that the function of a judge in declaring the substance of a statute is "not to insert what has been omitted or to omit what has been inserted."

The legislature and the administrators of the Workers' Compensation Fund have thus far terribly bungled that fund and put it in a precarious financial position. The legislature has already done much to reduce the recoverable fees by attorneys who represent claimants in Workers' Compensation cases. There is no need for us to find reasons which make claimants' attorneys subsidize the impoverished State Fund. However heroic our efforts, we can never catch up with the errors of management.

If counsel for the Fund in this case spent 110 hours losing a Supreme Court case and an important issue of retroactivity, certainly the attorney for the successful claimant is entitled to at least 110 hours. I dissent.

_____
                Justice

Mr. Justice William E. Hunt, Sr.:

I concur in the foregoing dissent.

_____
                Justice

- 10 -