JUSTICE McDONOUGH
delivered the Opinion of the Court.
*415 This is an appeal from an order of the Montana Eighth Judicial District Court, Cascade County, awarding attorney fees to the plaintiff John Bink’s former attorney Gene Daly. The sole issue on appeal is whether the District Court erred in awarding these fees. We reverse and remand for a full hearing on the subject of attorney fees.
Bink contacted and retained Daly as his attorney for the purpose of litigating Bink’s cause for wrongful discharge in October of 1986. Bink makes several allegations regarding Daly’s performance as bis attorney. He also alleges that he eventually terminated Daly for cause. Bink contacted the law firm of Hoyt & Blewett in October of 1987 and requested that they take over his representation, asking Daly to step down as his attorney. Bink alleges that Daly continually refused to withdraw.
On November 30, 1987, Bink filed a formal motion for change of attorney with the District Court. On May 6,1988 at the hearing on the motion, the District Court agreed to sign an order allowing Hoyt & Blewett to proceed with Bink’s case provided Bink paid Daly $5,127.00 alleged as Daly’s costs attributable to his work on Bink’s case.
In its Order Substituting Counsel For Plaintiff, the court ordered
“that the law firm of Hoyt & Blewett of Great Falls, Montana, is substituted as counsel of record for the plaintiff in place of Attorneys Gene B. Daly, Joseph W. Duffy and Walter M. Hennessey.
“IT IS FURTHER ORDERED that John L. Bink shall immediately pay to Gene B. Daly the sum of $5,127.00.
“FURTHERMORE, IT IS ORDERED that Attorneys Gene B. Daly, Joseph W. Duffy, and Walter M. Hennessey have an attorneys’ hen on the claim of plaintiff, the amount of such lien to be determined in the appropriate manner at a later time.” (Emphasis added.)
Hoyt & Blewett took Bink’s case to trial on a one-third contingency fee basis, and on November 27, 1989 they received a verdict in favor of Bink against the defendants in the sum of $175,000.00. Approximately four months later, on April 3, 1990, without an appropriate motion, notice or hearing, the District Court issued a memorandum and order awarding Daly $19,796.06 in attorney fees from Bink.
We have continually held that a district court’s granting of attorney fees should be based on the introduction of competent evidence:
“[I]n contested cases we are inclined to follow those states requiring the introduction of proof from which a reasonable fee may be determined. To award a fee in such a case without proof would be to disregard the fundamental rules of evidence. An award of fees like *416 any other award, must be based on competent evidence. See Lyle v. Lyle, (Fla.App.1964), 167 So.2d 256, 257. Furthermore, the proper determination of a legal fee is central to the efficient administration of justice and the maintenance of public confidence in the bench and bar.” (Emphasis added.)
Crncevichv. Georgetown Recreation Corp. (1975), 168 Mont. 113, 120, 541 P.2d 56, 59; see also First Security Bank of Bozeman v. Tholkes (1976), 169 Mont. 422, 429-430, 547 P.2d 1328, 1332; Talmage v. Gruss (1983), 202 Mont. 410, 412-413, 658 P.2d 419, 420-421. In its substitution order the District Court noted the amount of Daly’s lien would be determined later in the appropriate manner. The appropriate manner in this case is pursuant to a hearing. Thus, the court erred when it made the award without an evidentiary hearing and without the appropriate motion and notice required by Rule 5(a), M.R.Civ.P. Accordingly, we reverse the District Court’s order and remand the cause to a different judge for a determination of whether Daly was in fact terminated for cause and the total appropriate fees and costs, if any, to be awarded attorney Daly. Such award should be either increased or decreased as necessary by the prior award of $5,127.00 in alleged costs awarded to Daly.
REVERSED and REMANDED for further proceedings consistent with this opinion.
JUSTICES HUNT, BARZ and WEBER, and the HONORABLE TED MIZNER, District Court Judge sitting for JUSTICE HARRISON, and the HONORABLE FRANK M. DAVIS, District Court Judge, sitting for CHIEF JUSTICE TURNAGE, concur.