No. 93-441

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN RE THE MARRIAGE OF

LANA KAY WILSON,

      Petitioner and Respondent,

and

ROBERT LEO WILSON,

      Respondent and Appellant.

FILED

JUN 9 1994

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Fifteenth Judicial District,
In and for the County of Roosevelt,
The Honorable M. James Sorte, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          David L. Irving, Attorney at Law,
          Glasgow, Montana

      For Respondent:

          Carol C. Johns, Attorney at Law,
          Wolf Point, Montana

Submitted on Briefs:  May 5, 1994

Decided:  June 9, 1994

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Robert Leo Wilson appeals the order of the District Court for the Fifteenth Judicial District in Roosevelt County awarding attorney fees and costs to his former wife, Lana Kay Wilson. We affirm the District Court.

The parties present three issues for review:

1. Did the District Court abuse its discretion when it awarded Lana attorney fees and costs?

2. Did the District Court abuse its discretion when it allowed Lana to testify and present evidence at a hearing noticed for oral argument on the issue of payment of attorney fees?

3. Should this Court order damages to Lana based on a finding that the appeal was taken without substantial or reasonable grounds?

The District Court issued its decree dissolving Lana and Robert's marriage on May 5, 1981. In 1990, Lana moved the District Court to increase Robert's child support obligation for their minor child. Robert filed a counterclaim in which he requested specified visitation and the tax exemption attributable to the child. Lana did not file an answer to Robert's counterclaim and the District Court entered a default judgment against her. The order increased Robert's child support obligation, awarded him visitation rights, and allowed him to claim his daughter as a dependent. The District Court denied Lana's motion to have the default entry set aside. She appealed to this Court and we affirmed the award of child support, reversed the District Court's failure to set aside the

2

default, and remanded for a determination of the issues in the counterclaim and to recalculate the amount of child support owed. *See In re Marriage of Fronk & Wilson* (1991), 250 Mont. 291, 819 P.2d 1275.

On remand from this Court, and after an evidentiary hearing on August 20, 1992, the District Court issued a modified decree on June 21, 1993, denying Robert's requests for the tax exemption and for unsupervised visitation. The court awarded Lana the right to claim the child as her dependent and ordered Robert to pay all costs associated with psychological evaluations and therapy. The order was silent regarding attorney fees. The parties submitted briefs and scheduled a hearing for June 16, 1993, to present oral argument on that issue. On July 15, 1993, the District Court awarded attorney fees and costs to Lana in the total amount of $18,512.67.

## ISSUE 1

Did the District Court abuse its discretion when it awarded Lana attorney fees and costs?

The District Court ordered Robert to pay Lana's attorney fees and costs pursuant to § 40-4-110, MCA, which allows the court to order a party to pay a reasonable amount of the other party's attorney fees and costs after the court considers the financial resources of both parties. An award of fees under this statute is within a district court's discretion and is subject to an abuse of discretion standard of review. *In re Marriage of Burris* (1993), 258 Mont. 265, 272, 852 P.2d 616, 620. We will not disturb a district court's findings on appeal if there is substantial evidence to

3

support those findings. *In re Marriage of Zander* (Mont. 1993) 864 P.2d 1225, 1229, 50 St. Rep. 1522, 1524.

The Commission Comment to § 40-4-110, MCA, states that the purpose of the section is to authorize payment of a reasonable fee "if the court, after considering the financial resources available to both parties, <u>determines the order to be necessary</u>." (Emphasis added.) Thus, many of our recent cases assert that "the petitioning party must make a showing of necessity." *See, e.g., In re Marriage of Laster* (1982), 197 Mont. 470, 479, 643 P.2d 597, 602. Necessity, of course, is shown in a variety of ways. We have affirmed awards of attorney fees based on a lack of sufficient funds to pay fees, *In re Marriage of Loegering* (1984), 212 Mont. 499, 689 P.2d 260, or a significant disparity between the parties' salaries, *In re Marriage of Skinner* (1989), 240 Mont. 299, 783 P.2d 1350. When neither party is better able to pay fees than the other, it is proper to hold each responsible for his or her own fees. *In re Marriage of Hall* (1987), 228 Mont. 36, 740 P.2d 684. "Necessity" does not exclusively refer to financial necessity. We have affirmed awards where a substantial amount of the fees were attributable to one party's lack of cooperation and misconduct. *In re Marriage of Syljuberget* (1988), 234 Mont. 178, 763 P.2d 323. Because of the diverse facts and circumstances in each case, we have determined that the district court's discretion, based on its discernment of

4

the case as a whole, should control absent an abuse of discretion. *In re Marriage of Baer* (1982), 199 Mont. 21, 647 P.2d 835.

The District Court concluded that:

>     1.   [Lana] was unable to pay the fees and costs incurred by her in this proceeding.
>
>     2.   The disparity in the parties' income and resources supports an award of fees and costs to [Lana].
>
>     3.   The fees and costs incurred by [Lana] in the amount of $18,512.67 are reasonable considering the complexity and duration of the litigation.
>
>     4.   The prolonged litigation was necessitated by [Robert's] counterclaims and by the nature of his past actions.
>
>     5.   The necessity of the fees and costs is justified by [Lana's] success in this case.

From our review of the record, we conclude that the District Court had substantial evidence to support its findings and conclusion that Lana's ability to pay and the disparity in the parties' incomes and resources rendered an award of attorney fees to Lana "necessary."

The preferred method to determine the reasonableness of an award of attorney fees is by "means of a hearing allowing for oral testimony, the introduction of exhibits, and the opportunity to cross-examine." *Laster* 643 P.2d at 602. Although the hearing in this case was noticed as one for oral argument, when the District Court allowed Lana to give testimony, and Robert's counsel consented to proceed with the hearing, it became an evidentiary hearing. The only evidence about the "reasonableness" of attorney fees and costs before the court was the total amount requested.

5

MISS JOHNS: The total number of attorney's fees and costs incurred in this case by my client is $16,007.67. That's at the hourly rate of $60.00 an hour, Your Honor.

THE COURT: $16,007.00.

MISS JOHNS: Yes, and sixty-seven cents. There was a total of 271 hours.

Prior to the hearing, Lana submitted an affidavit stating that she owed $16,007.67 in attorney fees and costs; that she spent $1,505 to travel from Utah to appear at two hearings; and that she had been required to hire a psychologist to testify and that his fee was $1,000; for a total of $18,512.67--the amount awarded by the District Court.

The proper time for Robert to argue that the attorney fees were unreasonable was at the hearing. Although he objected to Lana's testimony based on "unfair surprise," he chose to proceed even when given the opportunity to continue the hearing and present his own witnesses. After that point, Robert raised no objection to the foundational basis for Lana's attorney fee evidence. Neither did he make any effort to refute, contradict, or impeach the evidence of the amount of attorney fees and costs requested by Lana. During cross-examination he merely elicited an acknowledgement from Lana that $16,007.67 was the total amount of attorney fees she had incurred as of May 31, 1993.

We conclude that under these circumstances, Robert waived any objection to the reasonableness of the fees being claimed or the manner in which they were proven, and conclude that the District Court did not abuse its discretion by its award of attorney fees and costs.

6

## ISSUE 2

Did the District Court abuse its discretion when it allowed Lana to testify and present evidence at a hearing noticed for oral argument on the issue of payment of attorney fees?

Robert argues that we should apply the rule in *Bink v. First Bank West, Great Falls, Inc.* (1991), 246 Mont. 414, 804 P.2d 384, where we held that it is error for a district court to make an award without an evidentiary hearing and without the appropriate motion and notice required by Rule 5(a), M.R.Civ.P. *Bink*, 804 P.2d at 385. As previously noted, the hearing became an evidentiary hearing when Robert gave his consent to proceed. The District Court mitigated any possible prejudice to Robert from lack of notice by offering to continue the matter.

We, therefore, find that the District Court did not abuse its discretion when it allowed Lana to take the witness stand and testify about her notice of job termination and future job prospects.

## ISSUE 3

Should this Court order damages to Lana based on a finding that the appeal was taken without substantial or reasonable grounds?

Lana requests that we award fees and costs incurred by her on appeal pursuant to Rule 32, M.R.App.P. Requesting damages under this rule is not a matter of course: "[W]e will find a frivolous appeal in only the most limited circumstances." *In re Marriage of Bier v.*

7

*Sherrard* (1981), 191 Mont. 215, 223, 623 P.2d 550, 554. In this case, we are not satisfied from the presentation of the appeal that it was taken without substantial or reasonable grounds, and therefore, deny Lana's request for damages.

We affirm the judgment of the District Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8

June 9, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


DAVID L. IRVING
Attorney at Law
110 5th Street South, Suite 110
Drawer B
Glasgow, MT  59230

CAROL JOHNS
Attorney at Law
P.O. Box 995
Wolf Point, MT  59201

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy
