No. 97-352

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 151N

TERRY LaTRAY,

Plaintiff, Respondent

and Cross-Appellant,

v.

LINDA OSORIO ST. PETER

and DON ST. PETER,

Defendants and Appellants.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable Ed McLean, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Samuel M. Warren, St. Peter & Warren, Missoula, Montana

No

For Respondent:

Paul N. Cooley, Skelton & Cooley, Missoula, Montana

Submitted on Briefs: December 30, 1997

Decided: June 16, 1998G8

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

**¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2 Appellants Linda Osorio St. Peter and Don St. Peter (the St. Peters) appeal from the judgment entered by the Fourth Judicial District Court, Missoula County, on a jury verdict and from the court's denial of their posttrial motions. Respondent Terry LaTray (LaTray) cross-appeals from the court's denial of his motions for certain attorney fees and for issuance of a writ of execution. We affirm in part, reverse in part and remand.**

**¶3 The St. Peters present the following restated issues on appeal:**

**¶4 1. Did the District Court err in rejecting the St. Peters' second posttrial challenge to the validity of LaTray's construction lien on the bases of waiver, estoppel and laches?**

¶5 2. Did the District Court err in awarding attorney fees to a person not licensed to practice law?

¶6 3. Did the District Court err in not holding a hearing on the attorney fee issue?

¶7 4. Did the District Court err in awarding prejudgment interest?

¶8 LaTray presents the following issues on cross-appeal:

¶9 5. Did the District Court err in refusing to award certain attorney fees?

¶10 6. Should LaTray's motion for issuance of a writ of execution have been granted where no supersedeas bond or cash undertaking was in place?

¶11 LaTray filed a complaint against the St. Peters in 1994. They answered and counterclaimed and the parties conducted substantial discovery. LaTray amended the complaint on May 31, 1995. The amended complaint alleged, in Count I, that the St. Peters owed him money for timber-related services he performed on their property. Count II alleged that the St. Peters were LaTray's counsel at the time of the timber-related agreement and that they were professionally negligent in failing to advise him not to proceed with the services without a written contract. LaTray also sought to foreclose a construction lien he had filed against the St. Peters' property.

¶12 The St. Peters answered, asserting with regard to Count I the existence of an express contract with LaTray under which LaTray's total compensation would come from his sale of the timber cut from their property. They denied the allegations of Count II. In addition, the St. Peters asserted counterclaims for fraudulent misrepresentation, property damage and slander of title against LaTray. Additional discovery was conducted.

¶13 The St. Peters moved for partial summary judgment on the legal malpractice claim and for discharge of the construction lien, contending that no genuine issues of material fact existed with regard to either and that they were entitled to judgment as a matter of law. Their legal position with regard to the construction lien was that the lien never attached and was not enforceable because no services or materials were furnished under a real estate improvement contract. LaTray conceded that dismissal of the legal malpractice claim was appropriate, but opposed the motion with regard

to the construction lien. On October 30, 1995, the District Court entered its Opinion and Order dismissing the legal malpractice claim, but denying the St. Peters' motion to discharge the construction lien.

¶14 The Pretrial Order was filed on March 18, 1996. LaTray contended therein that he was entitled to a reasonable sum between $8,500 and $20,000 for the services rendered to the St. Peters, with interest from December 1, 1994, and attorney fees and costs. He denied the St. Peters' counterclaims. The St. Peters contended, on the other hand, that they owed LaTray nothing; that the construction lien was invalid because it was not based on a real estate improvement contract and that it caused them damage; that LaTray owed them money for property damage; and that they were damaged by their reliance on LaTray's fraudulent misrepresentation that the timber sale would cover his fees or charges.

¶15 The case was tried to a jury. On October 17, 1996, the jury returned a special verdict finding that a contract existed between LaTray and the St. Peters and that LaTray's work improved the appearance and value of the St. Peters' real property; it awarded him $7,788.20. The jury also found in LaTray's favor on all of the St. Peters' counterclaims.

¶16 Thereafter, the St. Peters filed a motion for judgment as a matter of law on LaTray's claim to foreclose the construction lien. They contended that no evidence of a real estate improvement contract, as defined in § 71-3-522, MCA, was presented to the jury and, therefore, no valid construction lien existed. As a result, they requested dismissal of LaTray's claim for foreclosure of the construction lien. LaTray filed motions for prejudgment interest and attorney fees. The parties' motions were fully briefed and, in December of 1996, the District Court denied the St. Peters' motion, determined that LaTray was entitled to foreclose the construction lien in order to collect the monies due him pursuant to the jury's award, awarded LaTray reasonable attorney fees and costs in an amount totaling nearly $14,000, and denied LaTray's motion for prejudgment interest.

¶17 Additional motions were filed by both parties. The St. Peters moved for reconsideration of a portion of the District Court's order awarding attorney fees, contending that fees could not be awarded for the services of a legal assistant. They also contended that LaTray's lien never attached because it contained an insufficient description of the real property against which the lien was claimed and, as a result,

no attorney fees could be awarded. With regard to the latter contention, LaTray pointed out that the St. Peters had failed to raise the property description issue at any earlier point in the proceedings and, as such, the claim was waived. LaTray also filed motions for additional attorney fees and to set aside the St. Peters' allegedly fraudulent conveyance of one of their real property lots to their children.

¶18 On April 30, 1997, the District Court entered its Opinion and Order on all posttrial motions. In pertinent part, it denied the St. Peters' motion for reconsideration of its earlier award of attorney fees; rejected the St. Peters' challenge to the construction lien on the bases of waiver, estoppel and laches; denied LaTray's motion for additional attorney fees; denied LaTray's motion to set aside the St. Peters' conveyance of the lot; and amended its earlier order to award prejudgment interest accruing as of the contract date in LaTray's favor.

¶19 Judgment was entered accordingly and both parties appealed. Subsequent to the appeal, proceedings were held in both the District Court and this Court concerning a stay of the judgment and the issuance of a writ of execution in LaTray's favor on the basis that the St. Peters had not filed a supersedeas bond or advanced a cash undertaking. The St. Peters ultimately filed a $35,000 cashiers check in lieu of a supersedeas bond and the construction lien was released.

¶20 1. Did the District Court err in rejecting the St. Peters' second posttrial challenge to the validity of LaTray's construction lien on the bases of waiver, estoppel and laches?

¶21 We observe at the outset that, given the release of the construction lien in this case, some of the matters raised on appeal in conjunction with the validity of the lien are now effectively moot. It is necessary to address the St. Peters' second posttrial challenge to the validity of LaTray's construction lien at least briefly, however, since the resolution of other issues on appeal--such as the availability of attorney fees-- hinges on the outcome of that question.

¶22 As set forth above, the St. Peters first contended that the property description contained in LaTray's construction lien was insufficient to identify the property some three months after trial. They argued that, absent a sufficient property description, the lien did not attach and was not enforceable pursuant to § 71-3-535, MCA. The District Court did not address the sufficiency of the property description on the

merits; instead, it rejected their posttrial challenge to the lien on the bases of waiver, estoppel and laches. The St. Peters contend that the District Court erred in doing so and invite this Court to determine that the property description was insufficient and, therefore, LaTray's construction lien was invalid. Because we conclude--under the record before us here--that the District Court did not err in rejecting the St. Peters' second posttrial challenge to the validity of the lien on the basis of waiver, we do not reach the substantive question regarding the sufficiency of the property description.

¶23 Rule 12(b), M.R.Civ.P., requires that every defense, in law or fact, to a claim for relief in any pleading shall be asserted in the responsive pleading, except that certain defenses may be raised by motion. It is clear that a construction lien does not attach and is not enforceable unless it contains "a description of the real property against which the lien is claimed sufficient to identify it[.]" *See* § 71-3-535(3)(b), MCA. Thus, the absence of a sufficient property description was a defense to the validity of LaTray's construction lien which should have been pleaded by the St. Peters. They failed to do so. Nor did they raise the issue in their motion for summary judgment on the construction lien.

¶24 More importantly, Rule 16(e), M.R.Civ.P., provides that the pretrial order controls the subsequent course of the action. In that regard, the purpose of pretrial orders is to prevent surprise, simplify issues and permit counsel to prepare their case for trial on the basis of the pretrial order. Zimmerman v. Robertson (1993), 259 Mont. 105, 111, 854 P.2d 338, 342 (citation omitted). A party's failure to include a matter in the pretrial order constitutes a waiver. *See* State ex rel. Ins. Fund v. Berg (1996), 279 Mont. 161, 180, 927 P.2d 975, 986. At the same time, however, pretrial orders should be liberally construed to permit any issue embraced within their language. Beery v. Grace Drilling (1993), 260 Mont. 157, 161, 859 P.2d 429, 432 (citation omitted).

¶25 Here, the Pretrial Order was filed on March 18, 1996, and the St. Peters did not contend therein that the property description contained in LaTray's construction lien was insufficient under § 71-3-535, MCA. Their sole contentions with regard to the validity of the lien were that no real estate improvement contract existed and the lien was inconsistent with the timber-related contract between themselves and LaTray. Liberally construed, no factual contention or legal issue set forth by the St. Peters in the Pretrial Order raised the matter of an insufficient property description.

¶26 In arguing that the District Court erred in rejecting their posttrial challenge to the validity of the construction lien, the St. Peters do not address their failure to raise the insufficiency of the property description in the Pretrial Order. Instead, they argue that applying waiver "essentially relieves [LaTray] from meeting an elemental burden of proof: That his lien complies with the requirements of MCA § 71-3-535(3)(b)." We disagree.

¶27 It is true that LaTray carried the burden of proving the validity of his construction lien. It also is true, however, that the St. Peters were obligated to raise the issue of an insufficient property description in a timely fashion in the pretrial order in the same way that they raised the issue of whether a real estate improvement contract existed. "The purpose of pretrial orders is to prevent surprise, simply the issues and permit counsel to prepare their case for trial on the basis of the pretrial order." *Berg,* 279 Mont. at 180, 927 P.2d at 986 (citations omitted). By failing to raise the property description issue in the pretrial order, the St. Peters may have hoped to "surprise" LaTray at the end of the proceedings by making a posttrial showing that the property description was not sufficient to identify the property at issue and, therefore, did not meet the requirements of § 71-3-535(3)(b), MCA. Such surprises are what the requirements for pretrial orders are designed to avoid.

¶28 Furthermore, certain of the St. Peters' representations on appeal relating to this issue are, at best, misleading. They assert that both parties submitted instructions regarding the requirements for a construction lien and that the District Court rejected all such instructions on the basis that whether a valid construction lien existed was a question of law to be determined by the court rather than the jury. The clearly intended import of their representations is that they raised the issue of an insufficient property description during the instruction phase of the proceeding and the trial court advised that it would resolve that issue relating to the validity of the construction lien posttrial.

¶29 The limited record supplied by the St. Peters does not support their representations. It is true that instructions regarding the requirements for a construction lien were proposed and rejected. Those instructions did not relate to the property description issue, however; rather, they related to the real estate improvement contract issue. In lieu of the parties' proposed instructions, the District Court instructed the jury that a construction lien is available only to a person who furnishes services pursuant to a real estate improvement contract and that such a

contract does not include a contract the primary purpose of which is to remove timber in order to make the timber available for sale or use. The partial transcript supplied on appeal reflects that if the jury were to find, under the special verdict form, that LaTray improved the St. Peters' real estate pursuant to a contract to do so, the District Court could then determine as a matter of law that the contract was a real estate improvement contract for purposes of determining the validity of LaTray's construction lien. This is a far cry from the characterization of the record suggested by the St. Peters.

¶30 We conclude that the District Court did not err in rejecting the St. Peters' posttrial challenge to the validity of LaTray's construction lien on the basis of waiver. Based on that conclusion, we need not address whether laches and estoppel, also relied on by the District Court, were applicable here.

¶31 2. Did the District Court err in awarding attorney fees to a person not licensed to practice law?

¶32 LaTray sought--and the District Court awarded--attorney fees pursuant to § 71-3-124, MCA, in the amount of $12,775.50 based on LaTray's counsel's affidavit of fees. The affidavit represented that the amount included counsel's time spent on the case, charged at $90 per hour, as well as the time spent by Robyn Jarnagin (Jarnagin), charged at the same hourly rate. The affidavit strongly suggested that Jarnagin was a "second attorney." The St. Peters moved for reconsideration of that portion of the court's order which related to Jarnagin's services on the basis that she was a legal assistant and not an attorney for whose services fees could be awarded. The District Court denied the St. Peters' motion and they assert error.

¶33 Section 37-61-215, MCA, provides that attorney fees may not be awarded to anyone other than a duly admitted or licensed attorney at law. Since it is undisputed in this case that Jarnagin was not a licensed attorney in Montana or elsewhere at the time she rendered services on LaTray's behalf, it appears that the District Court erred in awarding attorney fees at the rate of $90 per hour for her services.

¶34 In that regard, however, LaTray relies on Spanos v. Skouras Theaters Corporation (S.D. N.Y. 1964), 235 F.Supp. 1, for the proposition that a nonlicensed attorney could be granted fees for work outside the courtroom where the work was not illegal. *Spanos* does not support an award of attorney fees for Jarnagin's work in

this case.

¶35 There, a California attorney not licensed to practice in New York had assisted local counsel in an antitrust suit in the federal district court in New York. One of the defenses asserted to his entitlement to any fees or payment for services was that he had violated a New York penal law relating to the unauthorized practice of law. *Spanos*, 235 F.Supp. at 12-13. The court determined that the penal law had not been violated and ultimately determined that the lawyer could recover in quantum meruit for professional services related to pleadings and other noncourtroom work. *Spanos,* 235 F.Supp. at 11-13. Unlike the situation in *Spanos*, it is undisputed in the present case that Jarnagin was not a licensed attorney in any jurisdiction at the time she rendered services on LaTray's behalf. Nor is it suggested that Jarnagin's work on LaTray's behalf was in any way illegal. Thus, *Spanos* has no application here.

¶36 LaTray also relies on Gullett v. Stanley Structures (1986), 222 Mont. 365, 722 P.2d 619, for the proposition that an award of attorney fees may include paralegal fees. In *Gullett,* the Workers' Compensation Court awarded attorney fees of $17,959 to the prevailing claimant's attorney, based on a fee of $125 per hour for the attorney's work on the case; the total amount also included 9.9 hours of paralegal time at $35 per hour. On appeal, the insurance company defendant challenged the number of hours of attorney time and the attorney's hourly charge as unreasonable and we ultimately affirmed the Workers' Compensation Court. *Gullett,* 222 Mont. at 366, 368, 722 P.2d at 620-21. No separate issue was raised or resolved regarding the inclusion of a total of $346.50 for paralegal fees. Thus, *Gullett* is not authority for the proposition that paralegal fees can be included in an award of attorney fees. Moreover, we note that LaTray did not submit Jarnagin's fees as paralegal fees; they were submitted as attorney fees and it is undisputed that Jarnagin was not an attorney at the time.

¶37 On the basis of the limited arguments and authorities presented on this issue, we conclude that the District Court erred in awarding attorney fees for services rendered by a person not licensed to practice law. Because the record is not sufficient to enable us to simply modify the award, it is necessary to remand to the District Court for further proceedings on this issue.

¶38 3. Did the District Court err in not holding a hearing on the attorney fee issue?

¶39 The St. Peters contend that they filed their objection to attorney fees and requested a hearing on that and other posttrial issues which were pending before the District Court. The District Court entered its order on posttrial motions--which included its award of reasonable attorney fees in the amount of $12,775.50, as well as costs in the amount of $1087.65, to LaTray--without holding a hearing on the motions and the St. Peters assert that the District Court erred in failing to hold a hearing on the attorney fee motion.

¶40 It is true that, after LaTray's counsel filed a motion to assess attorney fees and costs pursuant to § 71-3-124, MCA, together with his Affidavit of Fees, the St. Peters reserved the right to object to an award of the requested fees at such time as they received detailed time entries supporting the amounts set forth in the affidavit. The record indicates that the District Court's order granting the motion for attorney fees in the amount requested was entered before any supporting time entries were provided to the St. Peters.

¶41 The St. Peters subsequently moved for reconsideration of the order on fees, pointing out that they had not received the time entries supporting the claimed amount of fees. They also pointed out that it is improper to grant attorney fees without a hearing, conceded that a hearing might not be necessary after they had an opportunity to review the data supporting the claimed fees, requested the supporting data, and undertook to request a hearing on the reasonableness of the fees--if they determined such a hearing was necessary--within 5 days after receiving the supporting data. Again, the record does not reflect that the detailed time entries were ever provided.

¶42 On January 21, 1997, however, the St. Peters filed a motion for final judgment. They stated therein that they "do not dispute the reasonableness of the fees submitted by Plaintiff's counsel as of this date," but merely argued that no attorney fees could be awarded because the construction lien was invalid on the basis of an insufficient property description.

¶43 While it is true that a hearing on the reasonableness of claimed attorney fees is ordinarily required (*see, e.g.,* Bink v. First Bank West (1991), 246 Mont. 414, 416, 804 P.2d 384, 385), the St. Peters clearly waived their right to such a hearing by stating affirmatively that they did not dispute the reasonableness of the fees requested. On that basis, we conclude that the District Court did not err in failing to

hold a hearing on the reasonableness of the attorney fee request.

¶44 4. Did the District Court err in awarding prejudgment interest?

¶45 As set forth above, the jury found that a contract existed between LaTray and the St. Peters and awarded damages in the amount of $7,788.20. Thereafter, the District Court initially denied LaTray's request for prejudgment interest based on its conclusion that "the judgment amount could not be ascertained prior to receipt of the jury's verdict as required by MCA § 27-1-211 to support an award of prejudgment interest." In its subsequent order on posttrial motions, the court amended its earlier order to read "Plaintiff's motion seeking prejudgment interest is GRANTED under the contract with a beginning accrual date of the date of the contract[.]" The St. Peters contend that the District Court erred in this regard.

¶46 Section 27-1-211, MCA, generally provides that a person entitled to recover damages certain, or capable of being made certain by calculation, as of a particular day may also recover interest on that amount from that day. The St. Peters contend that LaTray's claim for damages varied widely throughout the proceedings and, therefore, the damages were neither certain nor capable of being made certain prior to the jury's verdict. The partial record supplied by the St. Peters reflects, however, that LaTray contended that the agreed contract price for certain services was $7,500 and that only his claimed damages for additional services for which no price had been agreed varied. From what we can glean from the partial record, the jury awarded the amount LaTray contended was a set price, $7,500, and added $288.20 to that amount as the reasonable amount of the additional services performed.

¶47 On this record, we conclude that LaTray is entitled to prejudgment interest on the amount of $7,500 from the date of the contract, but is not entitled to prejudgment interest on the additional $288.20 awarded by the jury. Thus, we hold that the District Court erred in determining that LaTray was entitled to prejudgment interest on the entire amount awarded by the jury and we remand for recalculation of the amount of interest to which he is entitled.

¶48 5. Did the District Court err in refusing to award certain attorney fees?

¶49 After a number of posttrial procedural entanglements, including the filing of a premature notice of appeal to this Court by the St. Peters, LaTray moved for an

assessment of additional attorney fees "incurred on appeal, in response to post-judgment motions of the Defendants and incurred in execution attempts on the judgment." The District Court denied the motion for fees "incurred by Plaintiff upon appeal to the Supreme Court. . . ."

¶50 LaTray concedes that both he and the St. Peters unnecessarily complicated the posttrial proceedings below. He also concedes the propriety of the District Court's denial of his motion for additional fees related to any premature efforts to appeal or to an erroneously entered notice of entry of judgment later withdrawn. He contends, however, that the District Court erred in denying his motion for additional fees to the extent they were incurred for successfully defending against the St. Peters' substantive posttrial motions, for preparing a judgment as ordered by the District Court, and for his successful efforts in both this Court and the District Court to require the St. Peters to post a bond to stay execution of the judgment. According to LaTray, § 71-3-124, MCA, requires an award of fees to him as the prevailing party in establishing his construction lien for the listed work by his counsel.

¶51 The District Court's order denying LaTray's motion for additional fees references that motion only insofar as it related to an "appeal to the Supreme Court. . . ." We are unable to ascertain from that order whether the court intended to deny the remainder of the additional fees requested or merely overlooked the fact that an assessment of additional attorney fees was requested for other matters. For that reason, and because it is necessary to remand this case for other reasons, we remand to the District Court for further proceedings on LaTray's motion for assessment of additional attorney fees.

¶52 6. Should LaTray's motion for issuance of a writ of execution have been granted where no supersedeas bond or cash undertaking was in place?

¶53 The District Court originally stayed the judgment in this case and LaTray moved this Court to vacate the order staying the judgment on the basis that the St. Peters had not posted a supersedeas bond. We vacated the stay order, and the District Court subsequently required the filing of a bond or undertaking and denied LaTray's request for a writ of execution. The St. Peters then filed a $35,000 cashiers check and the construction lien was released.

¶54 Under these circumstances, it is clear that this issue is now moot and we do not

**address it further.**

**¶55 Affirmed in part, reversed in part and remanded for further proceedings consistent with this Opinion.**

/S/ KARLA M. GRAY

We Concur:

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ WILLIAM E. HUNT, SR.